ANDERSON, (STEWART v.)

[See Stewart v. Anderson, Case No. 13,421.]

## Case No. 364.

### ANDERSON v. STRASSBURGER et al.

[6 Ben. 372.][1]

District Court, S. D. New York.　　Feb., 1873.

FRAUDULENT PREFERENCE — GOODS TAKEN UNDER LEVY—MARKET VALUE—SHERIFF'S SALE.

S. & P. recovered judgment against O., on which execution was issued, and the sheriff levied on his stock of goods. The next day, O. filed a voluntary petition in bankruptcy. A. was appointed assignee in bankruptcy. An injunction was issued restraining the sheriff from selling under the levy. This injunction was afterwards modified so as to allow the sheriff to sell and hold the proceeds in place of the goods. This was done, and at the sale, A. bought in the goods for the creditors, at $2,650. He then brought suit against S. & P. to recover the goods or their value. He testified that the creditors had the option of taking the goods at the $2,650, but did not take them, and he took them himself; and that he thought that competent parties would appraise the goods at $6,800. It appeared that S. & P., at the time of the entry of the judgment, knew O. to be a bankrupt: Held, That A. was entitled to recover the goods or their value, and that the order modifying the injunction afforded S. & P. no defence; That they were liable, however, only for the $2,650, which the goods brought at the sheriff's sale.

In equity. This was a bill in equity filed by the plaintiff, [William Anderson,] as assignee in bankruptcy of Frederick Ordemann, [against Oscar Strassburger and George F. Pfeiffer.] The bill alleged the voluntary bankruptcy of Ordemann, on petition filed on November 1st, 1871, and the appointment of the plaintiff as his assignee on February 6th, 1872. It further alleged that the defendants, on October 31st, 1871, recovered a judgment against Ordemann; that Ordemann on that day suffered his

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

stock in trade to be taken on legal process, viz., on an execution on said judgment; and that the defendants took the property to obtain a preference, and with knowledge that Ordemann was insolvent, and intended to give them a preference in fraud of the act. The bill prayed for a recovery of the goods or their value. In the bankruptcy proceedings, an injunction had been issued restraining the defendants from interfering with the property of Ordemann, which injunction was, on motion, modified so as to permit the sheriff to sell the goods on which he had levied, "and convert the same into money, and hold the proceeds in place and stead of the goods themselves, subject to the further order of the court;" and they were sold accordingly. The defendants answered, denying the allegations of the bill as to fraud or preference and the insolvency of Ordemann.

T. M. North, for plaintiff.

C. Wehle, for defendants.

BLATCHFORD, District Judge. Under the recent decisions of the supreme court of the United States in the case of Buchanan v. Smith, 16 Wall. [83 U. S.] 277, and of the circuit court for this district in the case of Mayer v. Hermann, [Case No. 9,344,] the right of plaintiff to recover, on the facts in this case, is clear.

The order made by the bankruptcy court on the 11th of December, 1871, only modified the injunction "so as to permit the sheriff to sell" the goods levied on, and convert them into money, and hold the proceeds of sale in place of the goods, subject to the further order of the bankruptcy court. It left the defendants at liberty to have a sale if they chose to take the risk. If they should sell, the proceeds of sale would stand in place of the goods. But the plaintiff is entitled to recover the goods or their value, at his option. He asks for their value. He does not ask for the goods, and he is not compelled to take the proceeds, which are merely a substitute for the goods, if such proceeds are not the full value.

But, on the evidence, I think the value of the goods cannot be fixed at a higher sum than the $2,650 they brought on the sale. The plaintiff, who was not, at that time, assignee of the bankrupt, but was one of a firm who were creditors, bought in the goods at the sale for $2,650, acting for the creditors generally. He says that other creditors for whom he acted had the privilege of taking the stock by paying the $2,650, but they did not, and then he took it to himself at that price. Yet he fixes its value at $6,800, by saying that that is "the price at which it would be appraised by competent parties, under partition or division, or in anticipation of a forced sale." That is his definition of "market value." Yet he says that in all the transaction his desire was "to prevent sacrifice," and to have the stock "bring near

its value," and he considered he was acting by direction of the creditors, so as to get for them "the largest possible percentage on their claims." Charged as he was with this trust, the presumption is that he discharged it properly, and, therefore, that he obtained full value for the goods he bid in, when he took them at $2,650. It cannot be that their fair market value was $6,800, and yet that he could get no more than $2,650 for them. The plaintiff is entitled to a decree for $2,650, with interest from the commencement of this suit, less a credit, on the 8th of March, 1872, of $875.39, with costs of suit.